## HAYDEN *v.* ORIENTAL MILLS.

*(Circuit Court, D. Rhode Island. October 9, 1884.)*

1. PATENTS FOR INVENTION—INFRINGEMENT—LIMITATION OF ACTIONS.

    As section 5599 of the United States Revised Statutes saves all rights the same as if suit had been commenced before the repeal of the federal statute of limitations of July 8, 1870, section 55 of that act applies to rights of action that were old enough at the time of its approval to have been fully barred by a state statute of limitations, if they had been sued upon, and if the state limitation had been pleaded, and held to be applicable.

2. SAME—ORIGINAL TERM—EXTENDED PATENT.

    Where a person sues for any infringement under the original term of a patent, he must bring his suit within six years after the expiration of that term; and when he sues for anything under the extended term, he must bring his suit within six years after the expiration of that extension.

At Law.

*Oscar Lapham* and *Geo. L. Roberts,* for complainant.

*Sam'l Ames* and *Benj. F. Thurston,* for defendants.

COLT, J. The patent in suit was granted December 1, 1857, extended in 1871, expiring in 1878. This suit was brought November 26, 1881. In a former opinion in this case (*Hayden* v. *Oriental Mills,* 15 FED. REP. 605) the court decided that under section 721 of the Revised Statutes the state statute of limitations is applicable to patent rights, in the absence of an express provision by congress on the subject. But the effect of the federal statute of limitations of July 8, 1870, (16 St. p. 206, § 55,) in connection with section 5599 of the Revised Statutes, upon the claims arising under this patent, was not determined, because not properly raised by defendant's plea. The defendant has now filed four pleas of the statute of limitations. The first covers any infringement between the date of the patent, in 1857, and July 8, 1870, the date of the enactment of the national law; the second covers the time between the passage of this law and its repeal, June 22, 1874: the third, the period since June 22, 1874; the fourth, the time between the grant of the patent and the date of the expiration of the original term, December 1, 1871. The present hearing was had upon the plaintiff's demurrers to the first, second, and fourth pleas.

The act of July 8, 1870, section 55, provides that all causes of action shall be brought within the term for which letters patent shall be granted or extended, or within six years thereafter. By omission from the Revised Statutes, this part of the patent law was repealed June 22, 1874. But section 5599 of the Revised Statutes reserves all existing causes of action, so far as limitations are concerned, precisely as though no repeal had been made. Infringements committed prior to June 22, 1874, the date of the repeal, are therefore governed by the federal law. State statutes of limitation can never apply to any right of action under a patent, if that particular right is subject

to the running of a national statute of limitation. Walk. Pat. § 476. The statute in force when the suit is brought determines the right of a party to sue. *Patterson* v. *Gaines*, 6 How. 601. Section 5599 saves all rights the same as if suits had been commenced before the repeal. It follows that the federal act "applies even to rights of action that were old enough at the time of the approval of the national limitation to have been fully barred by some state limitation, if they had been sued upon and if the state limitation had been pleaded, and been held to be applicable." Walk. Pat. § 476. The argument of defendant that section 5597 of Revised Statutes, which saves accrued rights, does not refer to section 55 of the act of July, 1870, because a statute of limitation does not confer a right, is, we think, inadmissible, if sound, in view of the specific language of section 5599. Nor can we accept the reasoning so forcibly urged by defendant's counsel, that under section 55, while suit may be brought within the time specified, no recovery can be had for more than six years prior to its commencement, or that the federal and state statutes, not being inconsistent, should both be held to be in force, thus limiting the recovery for damages to a period of six years. In our opinion, section 55 superseded all state laws applicable to the limitation of patent rights, and we can see nothing in section 55 which, upon a fair construction, limits the right of recovery to a period of six years.

The fourth plea raises the question of the meaning of the federal statute. The language is: "All actions shall be brought during the term for which letters patent shall be granted or extended, or within six years after the expiration thereof." Does this mean that the original and extended terms constitute but one term, and that a party who brings suit within six years after the expiration of the extended term may recover for the whole period covered by the life of the patent; or does it mean that where a person sues for any infringement under the original term, he must bring his suit within six years after the expiration of that term, and when he sues for anything under the extended term, he must bring his suit within six years after the expiration of that extension? The language of the act is ambiguous, and the courts have differed in its interpretation. That the limitation applies to the entire period of 21 years as one term, see *Sayles* v. *Richmond, F. & P. R. Co.* 4 Ban. & A. 241. On the contrary, see *Sayles* v. *Louisville City R. Co.* 9 FED. REP. 512; *Sayles* v. *Lake Shore & M. S. R. Co.* Id. 515; *Sayles* v. *Dubuque & S. C. R. Co.* Id. 516.

As the act is capable of two interpretations, we think that view more in accord with sound principles of equity, which forbids an inquiry into profits extending back a possible period of 27 years, when the evidence may be lost and accuracy becomes almost impossible. The demurrers to the first and second pleas are sustained. The demurrer to the fourth plea is overruled.